UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| COREY PERKEY, LYNDSAY ALLRED, SONYA GARCIA, and ANTHONY RAMSEY, Individually and on behalf of similarly situated current and former employees, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:21-cv-00037-TAV-HBG |
| DUNCAN EMPLOYMENT AND RESIDENTIAL SERVICES, LLC, NURTURING INDEPENDENCE, INC, BRANDIE MASTON, TRACY WALTER, JESSICA DUNCAN, and AARON DUNCAN, Individually, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## JOINT MOTION TO APPROVE TERMS OF ACCEPTED OFFER OF JUDGMENT

Come now the parties, by and through their respective counsel, and move the Court to approve the terms of Defendants' Offer of Judgment that has been accepted by Plaintiffs. (*See* Docs. 18 and 18-1). In support of their motion, the parties show as follows:

### I.  PROCEDURAL BACKGROUND

This case involved claims for alleged unpaid overtime wages pursuant to the FLSA. (Compl., Doc. 10). Four named plaintiffs filed suit asserting that Defendants misclassified them as independent contractors and failed to pay the overtime premium for all hours worked over forty in a workweek. Six additional plaintiffs joined the case by filing written consents pursuant to the FLSA's opt-in procedure. (*See, e.g.*, Doc. 12). Certain matters being undisputed, the parties agreed early in the litigation to engage in informal and focused discovery for the purpose of evaluating whether they could craft a fair and reasonable settlement. They requested the Court's

permission to focus on trying to settle the case rather than devoting those limited resources to advance the litigation. (Jt. Mot. to Stay, Doc. 15). The Court granted the parties' request and issued a stay of the proceedings. (Doc. 16).

On November 16, 2021, the parties filed a Joint Status Report requesting a brief extension of the stay and apprising the Court that they had "reached a tentative agreement on certain material settlement terms." (Doc. 17). Then on December 13, 2021, Defendants made and Plaintiffs accepted a Rule 68 offer of judgment that specified the terms on which Defendants agreed for a judgment to be entered against them. (Docs. 18 and 18-1). Although the Clerk entered judgment in accordance with Rule 68, the Court set the judgment aside pending the filing and consideration of the current motion. (Doc. 20). Accordingly, the parties now respectfully request that the Court approve the terms of the offer of judgment and enter judgment accordingly.

## II. <u>LEGAL PRINCIPLES</u>

There are two ways in which employees may settle claims under the FLSA. First, section 216(c) of the FLSA allows employees to settle their claims if the payment of unpaid wages is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c). Second, an employee may settle a FLSA claim in the context of a private lawsuit if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment after having determined that the settlement resolves a bona fide dispute and is fair and reasonable. *See Bartlow v. Grand Crowne Resorts of Pigeon Forge*, 2012 U.S. Dist. LEXIS 181808, at *3-4 (E.D. Tenn. Dec. 12, 2006); *Dillworth v. Case Farms Proc., Inc.,* 2010 U.S. Dist. LEXIS 20446, at *12-13 (N.D. Ohio Mar. 8, 2010); *Crawford v. Lexington-Lafayette Urban County Gov't,* 2008 U.S. Dist. LEXIS 90070, at *10-12 (E.D. Ky. Oct. 23, 2008). A district court should approve a settlement if it is (i) reached as a result of contested litigation, and (ii) a fair and reasonable resolution of a bona fide dispute. *See Lynn's*

*Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). Both requirements are satisfied here.

## II. TERMS OF ACCEPTED OFFER OF JUDGMENT

Defendants, jointly and severally, have offered to pay $155,000.00 in full satisfaction of Plaintiffs' claims. The parties agree that this amount exceeds what Plaintiffs would be owed as overtime pay if the matter were to proceed to trial and Plaintiffs prevailed, and indeed represents at least some, and perhaps all, liquidated damages to which Plaintiffs would be entitled. Moreover, the parties agree that the amount fairly provides for payment of Plaintiffs' reasonable attorney fees such that each Plaintiff's net recovery is a fair and reasonable representation of what he or she could receive at trial without regard to fees, assuming Plaintiffs prevailed.

There remains a bona fide dispute regarding several material issues, including the amount of hours each Plaintiff worked. The offer of judgment reflects a reasonable compromise of these disputed issues, and it resulted from arms-length negotiations occurring over several months. All parties were represented throughout the process by competent counsel. And by virtue of their signatures below, counsel affirm their respective opinions that the terms of the accepted offer of judgment are fair and reasonable under the circumstances.

## III. CONCLUSION

Based on the foregoing, the parties respectfully request that the Court approve the accepted offer of judgment and, thereafter, enter final judgment.

RESPECTFULLY SUBMITTED,

_s/ Jesse D. Nelson_
JESSE D. NELSON (BPR # 025602)
NELSON LAW GROUP, PLLC
10263 Kingston Pike
Knoxville, TN 37922
(865) 383-1053
jesse@NLGattorneys.com

*Attorneys for Plaintiffs*

_s/ Michael Craig-Grubbs_
MICHAEL CRAIG-GRUBBS (BPR # 33255)
FINKELSTEIN KERN STEINBERG &
  CUNNINGHAM, PC
1810 Ailor Avenue
Knoxville, TN  37921
m.craig-grubbs@FKSClaw.com

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I certify that this document or pleading was served via the Court's ECF Filing System on all users authorized and directed to receive such service, this 23rd day of December, 2021.

_s/Jesse D. Nelson_