UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| COREY PERKEY, <br> LYNDSAY ALLRED, <br> SONYA GARCIA, and <br> ANTHONY RAMSEY, <br> Individually and on behalf of similarly <br> situated current and former employees, <br><br> Plaintiffs, <br><br> v. <br><br> DUNCAN EMPLOYMENT AND <br> RESIDENTIAL SERVICES, LLC, <br> NURTURING INDEPENDENCE, INC, <br> BRANDIE MASTON, <br> TRACY WALTER, <br> JESSICA DUNCAN, and <br> AARON DUNCAN, <br><br> Defendants. | No.: 3:21-CV-37-TAV-HBG |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the parties' Joint Motion to Approve Terms of Accepted Offer of Judgment [Doc. 21], which requests the Court's approval of a settlement of plaintiffs' Fair Labor Standards Act ("FLSA") claims.

The FLSA's provisions are generally mandatory and not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). However, an exception applies if a court approves the settlement. *Thompson v. United Stone, LLC*, No. 1:14-CV-224, 2015 WL 867988, at *1 (E.D. Tenn. Mar. 2, 2015); *Crawford v. Lexington-Fayette Urb. Cnty. Gov't*, No. 06-299-JBC,

2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). Under this exception, a court may approve a settlement so long as the settlement resulted from "contested litigation" and is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Osman v. Grube, Inc.*, No. 3:16-CV-802-JJH, 2018 WL 2095172, at *1 (N.D. Ohio May 4, 2018) (citation omitted); *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-CV-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (citation omitted).

The Court finds approval of the parties' settlement is appropriate in this case. The record reflects that this litigation has been substantially contested as each party has engaged in extensive discovery of "voluminous" documents and considered the possibility for alternative dispute resolution [*See* Doc. 15]. Moreover, in the arms-length, extensive negotiations that resulted in a settlement, all parties were represented by experienced and reputable counsel. Additionally, a bona-fide dispute existed as to whether plaintiffs received appropriate compensation for hours worked. And considering the suggested settlement amount represents full satisfaction of the alleged underpayment, at least a portion of liquidated damages, and reasonable attorneys' fees [*See* Doc. 21], the Court finds the proposed settlement is a fair and reasonable resolution of the instant case that promotes judicial economy and public interest. The Court has also considered "the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement." *See Estes v. Vanderpool Constr. & Roofing, Inc.*, No. 2:17-CV-58, 2018 WL 3910999, at *2 (E.D. Tenn. July 30, 2018) (citation omitted).

Thus, the parties' Joint Motion to Approve Terms of Accepted Offer of Judgment [Doc. 21] is hereby **GRANTED**. Accordingly, the proposed settlement reflected in the parties' accepted offer of judgment [Docs. 18, 18-1] is hereby **APPROVED** as being a fair and reasonable compromise of the disputed issues of law and fact remaining in this action. Therefore, this case shall be **DISMISSED**, and the Clerk of the Court is **DIRECTED** to **CLOSE** the case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE